UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---------------------------------------x
:
Julia Pennamacoor, *on behalf of herself and* : Civil Action No.: 8:19-cv-493
*others similarly situated*, :
:
:
Plaintiff, : JURY DEMAND
:
vs. :
:
I.Q. Data International, Inc. :
:
Defendant. :
:
---------------------------------------x

## CLASS ACTION COMPLAINT

### Nature of this Action

1. Julia Pennamacoor ("Plaintiff") brings this class action against I.Q. Data International, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*\*\*\*\*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. §

1

227(b)(1)(A)(iii) by using an automatic telephone dialing system or an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service, without prior express consent, in that it places autodialed calls to wrong or reassigned cellular telephone numbers.

## Jurisdiction

4.This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendant transacts business in this district and as a substantial part of the events giving rise to this action occurred in this district.

## Parties

6.Plaintiff is a natural person who at all relevant times resided in Largo, Florida.

7.Defendant is a company based in Bothell, Washington.

8.Defendant provides debt collection services to the apartment industry.

9.Defendant states on its website: "Please understand that this is a communication from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose."[1]

10.Defendant touts that it uses "cutting edge technology" as part of its collection efforts.[2]

11.Defendant previously resolved a class action under the TCPA on behalf of the following class:

---

[1]https://www.iqdata-inc.com/about-us (last visited Feb. 19, 2019)

[2]https://www.iqdata-inc.com/about-us (last visited Feb. 19, 2019)

> All persons and entities throughout the United States (1) to whom I.Q. made or caused to be made calls, (2) directed to a number assigned to a unique cellular telephone, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from February 11, 2010 through February 11, 2014.

*Jacqueline Jones v. I.Q. Data International, Inc.*, No. 1:14-cv00130-PJK-RHS (D. N.M.).

### Factual Allegations

12. Beginning in 2018, Defendant placed approximately 20 telephone calls to Plaintiff's cellular telephone number—(727)-XXX-2406.

13. Plaintiff is the sole subscriber to and customary user of her cellular telephone number.

14. Defendant placed its calls to Plaintiff's cellular telephone number from (727) 637-0108, which is assigned to Defendant.

15. Upon placing an outbound call to telephone number (727) 637-0108, a prerecorded message states, "Thank you for calling I.Q. Data International. Your call is important to us…."

16. Plaintiff answered at least five of Defendant's calls to her cellular telephone number.

17. Upon answering Defendant's calls, Plaintiff experienced a noticeable delay before one of Defendant's representatives greeted her.

18. During her calls with Defendant, Defendant's representative asked for a person named Liam.

19. On multiple occasions, Plaintiff informed Defendant that she was not Liam and did not know that person.

20. During at least one such conversation, Plaintiff spoke with a representative named "Nick Ferguson," who was argumentative with her.

21. Plaintiff informed Mr. Ferguson that she did not know Liam and to stop calling.

22. Despite informing Defendant that it was calling the wrong number and to stop calling, Defendant's calls to Plaintiff's cellular telephone number continued.

23. Upon information and good faith belief, Defendant's records will show each call it placed, or caused to be placed, to Plaintiff's cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

24. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the noticeable pause after Plaintiff answered Defendant's calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

25. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the noticeable pause after Plaintiff answered Defendant's calls, Defendant placed its calls to Plaintiff's cellular telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

26. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the noticeable pause after Plaintiff answered Defendant's calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer

through the following declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (Sept. 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

27. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

28. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

29. Upon information and good faith belief, Defendant placed the calls to Plaintiff's cellular telephone number under its own free will.

30. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, a predictive dialer, or an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

31. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

32. Plaintiff is not, nor was, one of Defendant's customers.

33. Plaintiff does not, nor did, have a business relationship with Defendant.

34. Plaintiff does not, nor did, owe any monies related to an apartment rental.

35. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

36. Plaintiff suffered actual harm as a result of Defendant's calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

37. As well, Defendant's calls unnecessarily tied up Plaintiff's cellular telephone line.

38. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

39. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom I.Q. Data International, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of I.Q. Data International, Inc.'s calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification.

40. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

41. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

42. The exact number of members of the class is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

43. The proposed class is ascertainable because it is defined by reference to objective criteria.

44. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties.

45. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

46. Like all members of the proposed class, Plaintiff received autodialed calls from Defendant intended for someone she does not know, without her consent, on her cellular telephone, in violation of 47 U.S.C. § 227.

47. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

48. To be sure, Plaintiff's counsel—Greenwald Davidson Radbil PLLC—was appointed as class counsel in a prior TCPA class action against Defendant.

49. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

50. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

51. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

52. There will be little difficulty in the management of this action as a class action.

53. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

54. Among the issues of law and fact common to the class are:

    a. Defendant's violations of the TCPA;

      b. Defendant's use of an automatic telephone dialing system, as defined by the TCPA, to place calls to cellular telephone numbers;

      c. Defendant's practice of calling wrong or reassigned cellular telephone numbers; and

      d. the availability of statutory damages.

55. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

56. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-55.

57. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without her consent.

58. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Trial by Jury

59. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action;

    b) Designating Plaintiff as the class representative under Federal Rule of Civil Procedure 23;

    c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

    d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed class without prior express consent;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: February 25, 2019

*/s/ Michael L. Greenwald*
Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
401 Congress Ave., Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Gary M. Klinger (to seek special admission)
Kozonis & Klinger, Ltd.
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Telephone: 312.283.3814
Fax: 773.496.8617
gklinger@kozonislaw.com

Counsel for Plaintiff and the proposed class